THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIXTY-01 ASSOCIATION OF APARTMENT OWNERS,<br><br>                    Plaintiff,<br>       v.<br><br>PUBLIC SERVICE INSURANCE COMPANY, *et al.*,<br><br>                    Defendants. | CASE NO. C22-1373-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Public Service Insurance Company's ("PSIC") motion to dismiss (Dkt. No. 40). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion (Dkt. No. 40) for the reasons explained herein.

I.     BACKGROUND

Sixty-01 Association of Apartment Owners is the association of unit owners for the Sixty-01 Condominium complex in Redmond, Washington. (Dkt. No. 29 at 1–2.) The complex has 770 units spread throughout over 40 buildings. (*Id.* at 5.) Plaintiff, acting on behalf of the units' owners, engaged PSIC to provide all–risk insurance covering years 2000–08 and 2012–13. (*Id.* at 2.) Plaintiff then discovered water–related damage to the property in May 2019. (*Id.* at 5.) Plaintiff tendered notice to PSIC for an insurance claim on April 27, 2021. (*See* Dkt. No. 29-1 at

4.) PSIC denied it on June 10, 2022. (Dkt. No. 29 at 7.) Plaintiff then provided PSIC with Insurance Fair Conduct Act notice on June 20, 2022. (*See* Dkt. No. 29-5 at 2.) Dissatisfied with PSIC's and other insurers' responses, Plaintiff brought suit in King County Superior Court on August 29, 2022. (*See* Dkt. No. 1-1.) Defendant Everest Indemnity removed to this Court on September 27, 2022. (*See* Dkt. No. 1.) Following Plaintiff's filing of an amended complaint (Dkt. No. 29), PSIC again moves to dismiss, arguing that the claims are precluded by PSIC's policies' language and that, regardless, the amended complaint is factually deficient and thus fails to state a claim under Rule 12(b)(6). (Dkt. No. 40 at 2.) In response, Plaintiff asks to strike documents PSIC filed in support of its motion to dismiss. (Dkt. No. 58 at 6.)

## II.   DISCUSSION

### A.   Plaintiff's Request to Strike

PSIC's motion includes supporting declarations from Michael Dubyk (Dkt. No. 42) and Kevin Hansen (Dkt. No. 41). They reference exhibits containing the following documents: policy declarations, presentations, reports, letters, a tolling agreement, and the parties' Clawback Agreement (*See* Dkt. Nos. 41, 41-1, 42, 42-1–42-14). According to PSIC, all are properly before the Court based on the incorporation by reference doctrine because Plaintiff's claims are predicated on each. (Dkt. No. 40 at 3 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).)

It is true, as PSIC suggests, that documents may be incorporated by reference into a complaint if it "refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). And Plaintiff concurs that PSIC's policies, the parties' tolling agreement documents, and PSIC's coverage denial letter (Dkt. Nos. 42-1–42-3, 42-5, 42-12–13) are properly before the Court. (*See* Dkt. No. 58 at 6.) But it contends the remainder are not. (*Id.*) On this basis, Plaintiff asks to strike these

1 | exhibits included with Mr. Dubyk's declaration. (*Id.*)¹ It also asks to strike portions of Mr. Dubyk's declaration explicitly referencing these documents. (*Id.* at 7.)² In addition, Plaintiff asks to strike Kevin Hansen's declaration in its entirety. (*Id.* at 8.)³

PSIC's supporting declarations and exhibits are voluminous—**1,529 pages** to be exact. (*See* Dkt. Nos. 41, 41-1, 42-1–42-14.) Such a document barrage, attached to a Rule 12(b)(6) motion, is not a helpful attempt to provide the Court with documents referenced or relied upon in the complaint. *See Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281 (C.D. Cal. 2016). Rather, it appears to be an attempt to *undermine* Plaintiff's complaint. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (describing the "alluring temptation to pile on numerous documents" to allow a defendant to "use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims"). This will not stand and the Court **declines** to apply the incorporation by reference doctrine to any of the documents PSIC filed, other than (a) the policies at issue (Dkt. Nos. 42-1–42-3), (b) the parties' executed and subsequently terminated tolling agreement (Dkt. Nos. 42-5, 42-13), and (c) PSIC's coverage denial letter (Dkt. No. 42-12). As a result, Plaintiff's request to strike (Dkt. No. 58 at 6) is, effectively, moot.

B.  **Defendant's Motion to Dismiss**

A defendant may move to dismiss when a complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). PSIC, in seeking Rule 12(b)(6) dismissal,

---

¹ The exhibits are as follows: Exhibit D (Dkt. No. 42-4), Exhibit F (Dkt. No. 42-6), Exhibit G (Dkt. No. 42-7), Exhibit H (Dkt. Nos. 42-8–11), and Exhibit K (Dkt. No. 42-14).

² Specifically at issue are paragraphs 5–7, 9–14, 16–17, and 19–21. (*See* Dkt. No. 58 at 7.)

³ Attached to it is a letter from PSIC's counsel (Dkt. No. 41-1) dated *after* Plaintiff initiated suit. Therefore, according to Plaintiff, that letter could not form the basis of its claims. (Dkt. No. 58 at 8.)

1   argues that, at least as plead, Plaintiff's breach of contract claim is precluded by the policy's suit
2   limitation clause. (Dkt. No. 40 at 2, 11–16) It further argues that, regardless, *all* claims fail based
3   on the policy's proximate cause requirement. (*Id.* at 17–19.) Alternatively, PSIC contends that
4   none of Plaintiff's claims are adequately pleaded. (*Id.* at 19–23.)

        1.  <u>Suit Limitation Clause</u>

It is true that PSIC's policy contains a suit limitation clause. (*See* Dkt. No. 42-1 at 16.) It provides that any action relating to PSIC's agreement with Plaintiff must be "brought within 2 years after the date on which the direct physical loss or damage occurred." (*Id.*) But according to Plaintiff's complaint, this is exactly what occurred. The damage at issue was hidden. (Dkt. No. 29 at 5.) And under Washington law, until such damage was exposed, the time period did not begin to run. *Panorama Village Condo. Owners Ass'n Bd. of Directors v. Allstate Ins. Co.*, 26 P.3d 910, 915 (Wash. 2001)

According to the complaint, Plaintiff only became aware of it "in May 2019." (*Id.*) And it notified PSIC on "April 27, 2021." (*Id.*) This is within the period the policy requires. In suggesting otherwise, PSIC relies on documents the Court will not consider, as they are not properly before it. *See supra* Part II.A. Absent these documents, nothing in the pleadings suggest that Plaintiff failed to comply with the suit limitation clause.

        2.  <u>Efficient Proximate Cause</u>

It is also true that PSIC's policy contains a proximate cause provision. (*See* Dkt. No. 42-3 at 4.) According to it, the policy excludes coverage for "faulty, inadequate or defective . . . workmanship, repair, construction . . . ." (*Id.*) But that same provision indicates that "if loss or damage by a [c]overed [c]ause of [l]oss results, [PSIC] will pay for that resulting loss or damage." (*Id.*) And while PSIC argues that this Court should ignore the later portion, (*See* Dkt.

No. 42 at 17), it will not. Doing so would not be consistent with Washington law. *See The Gardens Condo. v. Farmers Ins. Exch.*, 521 P.3d 957, 960–61 (Wash. Ct. App. 2022).

          3. <u>Failure to State a Claim</u>

Finally, PSIC contends that Plaintiff's amended complaint is insufficiently pleaded. (*See* Dkt. No. 40 at 19–23.) But what PSIC describes as conclusory statements are not formulaic recitations of law. They are concise allegations supporting the claims asserted here. (*See* Dkt. Nos. 29; 29-1–29-5.) This is a meaningful distinction.

After (a) stripping away the supposed countervailing facts PSIC inappropriately injects into Plaintiff's complaint, and (b) viewing Plaintiff's allegations *in their totality*, s*ee Vila v. Inter-Am. Inv., Corp.*, 570 F.3d 274, 285 (D.C. Cir. 2009), the Court finds that each claim is adequately pleaded. While admittedly sparse, Plaintiff's allegations are sufficient. *See Iqbal*, 556 U.S. at 78 (a complaint need not contain "'detailed factual allegations'") (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must merely provide sufficient allegations to "state the requisite legal elements" of each claim and no more. *Corbis Corp. v. Integrity Wealth Mgmt., Inc.*, 2009 WL 3835976, slip op. at 2 (W.D. Wash. 2009). Plaintiff has met this standard.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 40) is DENIED.

DATED this 17th day of February 2023.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE