THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIXTY-01 ASSOCIATION OF APARTMENT OWNERS,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC SERVICE INSURANCE COMPANY, *et al.*,<br><br>Defendants. | CASE NO. C22-1373-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for partial summary judgment (Dkt. No. 126). Having considered the briefing and the relevant record, the Court finds oral argument unnecessary and GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

Plaintiff, a non-profit corporation, serves as the homeowner's association for the Sixty-01 Condominium, a 770-unit complex in Redmond, Washington built "beginning in the late 1960s." (Dkt. No. 29 at 5.) In 2019, Plaintiff discovered extensive hidden water damage. (*Id.*) In 2021, Plaintiff notified its insurers of potential claims. (*See, e.g.*, Dkt. Nos. 127-4, 127-5.) Given the size of the complex and corresponding risk level, Plaintiff contracted for primary and excess coverage with various insurers; some of whom are defendants in this matter (*See* Dkt. No. 29 at

ORDER
C22-1373-JCC
PAGE - 1

2–4.) Plaintiff contends that the damage was caused by "among other things . . . water intrusion and/or penetration by water through the buildings' exteriors and/or wind-driven rain." (*Id.* at 5 (cleaned up).)

As for the instant motion, at issue is the interpretation of two of those policies—one from Defendant Public Service Insurance Company ("PSIC") and one from a group of insurers participating in a tiered insurance pool administered by Defendant Commercial Industrial Building Owner's Alliance, Inc. (collectively the "CIBA Defendants"). (*See generally* Dkt. No. 126.) Plaintiff alleges that it contracted with PSIC for all-risk policies from 2000 through 2008 and again from 2012 through 2013. (*See* Dkt. No. 126 at 3–9; *see also* Dkt. No. 127-3 (2013 PSIC policy).) It contracted with the CIBA Defendants for all-risk policies from 2015 through 2018. (*See* Dkt. No 126 at 3–9; *see also* Dkt. Nos. 142-1 at 10–38, 132-1 at 24–52 (policies incorporating the CIBA master coverage form).)[1]

Ultimately both PSIC and the CIBA Defendants denied coverage for the water damage. (*See* Dkt. Nos. 127-7, 127-12.)[2] They explained that the damage was likely progressive and, therefore, outside of the applicable policy periods. (*Id.*) Moreover, in their view, the damage was primarily caused by an excluded peril—improper or inadequate design or maintenance. (*Id.*) This allowed water to penetrate the exterior, thereby causing the damage. (*Id.*) Plaintiff disagreed with this coverage determination and issued notices to those insurers pursuant to Washington's Insurance Fair Conduct Act ("IFCA"). (Dkt. Nos. 127-8, 127-9, 127-11.)

In 2022, a few months after making its IFCA notices, Plaintiff sued in King County Superior Court. (*See* Dkt. No. 1-1.) Defendants removed the case to this Court based on diversity

---

[1] While each CIBA Defendant issued separate all-risk policies, for purposes of the instant motion, the Court assumes each policy incorporates CIBA's master coverage form (hereafter referred to as the "CIBA policy"). (*See* Dkt. No. 127-1.) To the extent a CIBA Defendant *did not* incorporate the CIBA policy into its own, or that a CIBA defendant provided Plaintiff with a policy not materially conforming to the CIBA policy, the Court's interpretation of CIBA coverage would not apply.

[2] The CIBA Defendants take issue with Plaintiff's characterization of the claims process. (*See* Dkt. No. 131 at 5–8.) As this is irrelevant to the instant motion, the Court need not address these concerns.

jurisdiction. (*See* Dkt. No. 1). Plaintiff later filed an amended complaint (Dkt. No. 29), which serves as the operative complaint in this matter.

Presently before the Court is Plaintiff's motion for partial summary judgment (Dkt. No. 126). Plaintiff asks the Court to interpret portions of the CIBA and PSIC policies. (*See generally id.*) Specifically, it asks the Court to find that the CIBA policy includes coverage for "the perils of 'water intrusion,' 'wind-driven rain,' and 'weather' (or 'weather conditions')," in light of the efficient proximate cause ("EPC") rule.[3] (Dkt. No. 126-1 at 2.) And because the PSIC policy contains inverse EPC language,[4] Plaintiff asks the Court to find that coverage applies based on the policy's "ensuing loss clause."[5] (*Id.* at 3.)

## II. DISCUSSION

### A. Partial Summary Judgment

In general, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As it relates to the instant motion, the "interpretation of an insurance policy is a question of law." *Corliss Condo. Owners Ass'n v. Natl. Sur. Corp.*, 631 F. Supp. 3d 942, 946 (W.D. Wash. 2022) (citing *Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 276 P.3d 300, 305 (Wash. 2012) (cleaned up). Correspondingly, the issues Plaintiff raises are ripe for this Court's consideration, as no issues of fact implicate interpretation of the policy language. *Id.*

Defendants do not agree with this contention. (*See generally* Dkt. Nos. 131, 137.) They point to issues associated with the fortuity of Plaintiff's loss, the proximate cause of the loss, and whether the perils at issue occurred during coverage periods. (*See* Dkt. Nos. 131 at 15–17, 137 at 25–27.) But an interpretation of a policy's provisions, through a motion for partial summary judgment, is an approach this and fellow courts frequently adopt, even while issues of fact remain in the broader case—just not ones implicating policy language. *See, e.g., Ridge at*

---

[3] As later described in this order. *See infra* Part II.B.2.
[4] As later described in this order. *See infra* Part II.B.3.
[5] As later described in this order. *See infra* Part II.B.1.

*Riverview Homeowner's Ass'n v. Country Cas. Ins. Co.*, 2023 WL 22678, slip op. at 10 (W.D. Wash. 2023); *Franssen Condo. Ass'n of Apt. Owners v. Country Mut. Ins. Co.*, 2022 WL 10419015, slip op. at 9 (W.D. Wash. 2022); *Sunwood Condo. Ass'n v. Travelers Cas. Ins. Co. of Am.*, 2017 WL 5499809, slip op. at 2 (W.D. Wash. 2017). This practice makes sense. The earlier a court opines on its interpretation of relevant policy language, the narrower the discovery need be and the narrower the issues remaining for trial. For this reason, the Court declines Defendants' invitation to postpone ruling on these issues.

Alternatively, the CIBA Defendants seek to defer this Court's ruling pursuant to Rule 56(d). (*See* Dkt. No. 131 at 27–31.) But, again, Plaintiff's motion presents purely legal issues. There is no need for discovery, at least on these distinct issues. *See* Fed. R. Civ. P. 56(d); *see, e.g.*, *Wellington Hills Park, LLC v. Assurance Co. of Am.*, 2011 WL 13234422, slip op. at 4 n.2 (W.D. Wash. 2011) (similar holding); *Sims v. Colony Ins. Co., a Virginia L.L.C.*, 2005 WL 1877338, slip op. at 4 (W.D. Wash. 2005) (same). Accordingly, the CIBA Defendants' Rule 56(d) request is DENIED.

**B.     All-Risk Policies**

It is undisputed that the CIBA and PSIC policies are the all-risk variety. (*See generally* Dkt. Nos. 131, 137.) As such, any peril not specifically excluded is included, *i.e.*, covered. *See Findlay v. United Pac. Ins. Co.*, 917 P.2d 116, 121 (Wash. 1996). In such instances, inclusionary clauses must "be liberally construed to provide coverage." *Riley v. Viking Ins. Co. of Wisconsin*, 733 P.2d 556, 558 (Wash. Ct. App. 1987). And exclusionary clauses must be strictly construed against the insurer, as they are contrary to the "fundamental protective purpose of insurance." *Vision One, LLC*, 276 P.3d at 306 (Wash. 2012) (citation omitted). Finally, to the extent policy language is susceptible to two different but reasonable interpretations, it must be construed in favor of the insured. *Gull Indus., Inc. v. State Farm Fire and Cas. Co.*, 326 P.3d 782, 786 (Wash. Ct. App. 2014).

1. <u>Ensuing Loss Clause</u>

The CIBA policy excludes various perils, such as "[f]aulty, inadequate or defective

design . . . workmanship or maintenance . . . ***unless*** an insured loss ensues . . . then this policy shall cover for such ensuing loss." (Dkt. No. 127-1 at 32 (emphasis added).) Similarly, the PSIC policy excludes "[f]aulty, inadequate or defective . . . design, workmanship . . . [and] maintenance . . . *[b]ut* if loss or damage by a Covered Cause of Loss results, we will pay for the resulting damage." (Dkt. No. 127-3 at 90 (emphasis added).) Both are provisions containing ensuing loss clauses, albeit of different flavors. Under Washington law, when a policy contains such a clause, "if one of the specified uncovered events takes place, any ensuing loss which is otherwise covered by the policy will remain covered." *McDonald v. State Farm Fire and Cas. Co.*, 837 P.2d 1000, 1005 (Wash. 1992). This "limit[s] the scope of what is otherwise excluded." *Vision One, LLC*, 276 P.3d at 307. Accordingly, "[w]hile coverage may be excluded when a certain peril causes a loss, a resulting or ensuing loss clause operates to carve out an exception to the policy exclusion." *Id.* (citations omitted).

        2.    <u>EPC Rule</u>

When a covered peril "sets into motion the chain of events producing the loss" and that peril is the proximate cause, coverage results, even if that peril is not necessarily "the last act in a chain of events." *Graham v. Pub. Employees Mut. Ins. Co.*, 656 P.2d 1077, 1081 (Wash. 1983). This is known as the EPC rule, which the Washington Supreme Court clarified its operation in 2012. *See Vision One*, 276 P.3d 309. It said the rule comes into play to preserve coverage "when two or more perils combine in sequence to cause a loss and a *covered peril* is the predominant or efficient cause of the loss." *Id.* (emphasis in original).

The parties debate whether chronology matters in applying the EPC, *i.e.*, must a covered peril precede an excluded peril. (*Compare* Dkt. No. 126 at 21–25, 147 at 8–11; *with* Dkt. No. 131 at 21–27.) The CIBA Defendants point to *Seattle Tunnel Partners v. Great Lakes Reinsurance (UK) PLC*, 516 P.3d 796, 806 (Wash. 2022), to support their contention that, indeed, a covered peril must precede the excluded peril. (*See* Dkt. No. 131 at 24 n.11, 22.) But the case is inapt. Nothing in *Seattle Tunnel Partners* suggests that the policies at issue had an ensuing loss clause. *See generally* 516 P.3d at 796–811. Whereas here, and as discussed above,

*see supra* Part II.B.1, both the CIBA and PSIC policies provide coverage for ensuing losses. (Dkt. Nos. 127-1 at 32, 127-3 at 90.) Therefore, the Court finds that, because the PSIC and CIBA policies contain ensuing loss language, the order of perils is irrelevant, at least for purposes of applying the EPC rule.[6]

### 2. Inverse EPC Language

But the "EPC rule operates only in favor of coverage." *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, 2015 WL 11988945, slip op. at 10 (W.D. Wash. 2015). For this reason, "'[w]hen an excluded peril sets in motion a causal chain that includes covered perils, the [EPC] rule does not mandate exclusion of the loss.'" *Id.* (quoting *Vision One*, 279 P.3d at 309). Therefore, "should an insurer wish to exclude otherwise-covered losses . . . the insurer must include specific language in the policy to this effect." *Id; see Vision One*, 279 P.3d at 309 ("[leaving] open the possibility that an insurer may draft policy language to deny coverage when an excluded peril initiates an unbroken causal chain."). This is commonly termed "inverse EPC" language. *Westboro Condo. Ass'n v. Country Cas. Ins.* 2023 WL 157576, slip op. at 5 (W.D. Wash. 2023). As discussed below, *see infra* Part II.E., the PSIC policy contains such language—the CIBA policy does not.

### C.  Weather-Related Events as a Covered Peril

#### 1. PSIC

Only two sections of the PSIC policy address weather-related exclusions: (1) a provision excluding losses from earth movement, floods, and ground water flowing or seeping into parts of the building, and (2) a provision excluding coverage for weather damage to personal property. (Dkt. No. 127-3 at 22–23.) Neither are at issue with respect to the instant motion. (*See generally*

---

[6] This is consistent with rulings within this District postdating *Seattle Tunnel Partners*. *See, e.g.*, *Creekside on Sunset Condo. Ass'n v. Evanston Ins. Co.*, 2023 WL 112044, slip op. at 2, 5. (W.D. Wash. 2023); *Franssen Condo. Ass'n of Apt. Owners*, 2022 WL 10419015, slip op. at 7, 9; *see also Ridge at Riverview Homeowner's Ass'n*, 2023 WL 22678, slip op. at 10 ("if the jury determines that damage resulted from a causal chain initiated by an excluded peril and includes one or more covered perils, then the policies cover that damage." (cleaned up)).

Dkt. No. 126.) Nor does PSIC dispute, in its opposition brief, that water intrusion, wind-driven rain, and weather conditions are, in fact, covered perils. (*See* Dkt. No. 137 at 6 (noting that "except in certain circumstances, 'water intrusion,' 'wind-driven rain,' and 'weather conditions' are not excluded 'causes of loss.'").) For this reason, the Court holds, as a matter of law, that water intrusion, wind-driven rain, and weather conditions are distinct perils covered by the PSIC policy.

### 2. CIBA

The CIBA policy includes a larger range of weather-related exclusions, including named windstorms, floods, precipitation damaging exposed personal property, and precipitation damaging the interior of the building. (Dkt. No. 127-1 at 31–32.) While more numerous than the PSIC exclusions, the CIBA policy still only carves out specific, limited scenarios to be excluded from coverage. Plaintiff argues that these exclusions are evidence that damage otherwise caused by water intrusion, wind-driven rain, and weather conditions are covered under CIBA's all-risk policy. (Dkt. No. 126 at 13–16.) CIBA counters that exclusions cannot create coverage. (Dkt. No. 131 at 17–20.) Plaintiff has the better argument.

"In the all-risk context, the risk of loss is on the insurer, and coverage is defined by what is not specifically excluded . . . [w]hat is covered is what is not excluded." *Canyon Ests. Condo. Ass'n v. Atain Specialty Ins. Co.*, 2021 WL 1208581, slip op. at 3 (W.D. Wash. 2021); *see Churchill v. Factory Mut. Ins. Co.*, 234 F. Supp. 2d 1182, 1191 (W.D. Wash. 2002) (finding "water intrusion" to be a distinct covered peril in an all-risk policy, based on the policy's failure to identify it as an excluded peril). Because the CIBA policy does not exclude the distinct perils of water intrusion, wind-driven rain, and weather conditions, this Court holds, as a matter of law, that they are also distinct perils covered by the CIBA policy.

### D. Import of EPC Rule on CIBA Policy

Plaintiff asks the Court to find as a matter of law that, because the CIBA policy lacks inverse EPC language, it "covers damage resulting from a causal chain that involves a combination of excluded and non-excluded perils." (Dkt. No. 126-1 at 2.) The Court so rules.

Absent inverse EPC language, and the CIBA policy contains none, the order of perils does not control in applying the EPC rule, at least in instances where a policy contains an ensuing loss provision, as the CIBA policy does. *See supra* Part II.B.

### E. Effect of PSIC Policy's Inverse EPC Language

Plaintiff also asks the Court to find as a matter of law that, despite the existence of inverse EPC language, the PSIC policy covers the perils of water intrusion, wind-driven rain, and/or weather damage, based on the ensuing loss language. (Dkt. No. 126-1 at 3.) The Court so rules. This is consistent with this Court's prior ruling in *Sunwood Condo. Ass'n*, 2017 WL 5499809, slip op. at 4, interpreting an all-risk policy with the same ensuing loss language as that utilized by PSIC.

While this holding may not comport with *Belmain Place Condo. Owners Ass'n v. Am. Ins. Co.*, 2019 WL 4190170, slip op. at 4 (W.D. Wash. 2019), and *Corliss Condo. Owners Ass'n*, 631 F. Supp. 3d at 949, each were implicitly overruled by *The Gardens Condo. v. Farmers Ins. Exch.*, 521 P.3d 957 (Wash. Ct. App. 2022). As *The Gardens Condo.* court explained, a resulting loss clause[7] "narrows the exclusion." *Id.* at 960. If a covered peril results from an excluded peril, "the policy covers the loss or damage from that covered peril." *Id.* (cleaned up).

Moreover, the policies here are distinguishable from the ones considered by the court in *Windcrest Owners Ass'n v. Allstate Ins. Co.*, 524 P.3d 683 (Wash. Ct. App. 2022), a case on which the CIBA Defendants also rely. (*See* Dkt. No. 137 at 18–19.) Specifically, the ensuing loss language in *Windcrest* materially differs from the language in the PSIC policy, as well as the language in *Gardens*. *Compare Windcrest Owners Ass'n*, 524 P.3d at 692, *with The Gardens Condo.*, 524 P.3d at 960.[8]

---

[7] Notably, that clause contains the same language as the one in the PSIC policy. (*See* Dkt. No. 127-3 at 90.)

[8] Nor is this the only distinction. In *Windcrest Owners Ass'n*, the appellant failed to demonstrate that the resulting peril had even occurred. *See* 524 P.3d at 692 (the court noted that, while collapse was a covered peril according to the policy—and therefore could represent a covered ensuing loss—the appellant failed to establish that a collapse had even occurred).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS partial summary judgment to Plaintiff and ORDERS as follows:

1. The CIBA policy covers the perils of "water intrusion," "wind-driven rain," and "weather" (or "weather conditions");
2. The CIBA policy covers damage resulting from a causal chain that involves the combination of excluded and non-excluded perils;
3. The PSIC policy covers the perils of "water intrusion," "wind-driven rain," and "weather" (or "weather conditions"); and
4. The PSIC policy covers damage resulting from water intrusion, wind-driven rain, and/or weather to the extent it results from faulty, inadequate or defective construction or maintenance

DATED this 10th day of August 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

Whereas PSIC concedes that weather and wind-driven rain are covered perils. (*See* Dkt. No. 137 at 6.) Whether they, in fact occurred, and therefore represent a covered cause, remains an issue of fact for later determination.