The Honorable John C. Coughenour

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

8

9   SIXTY-01 ASSOCIATION OF
    APARTMENT OWNERS, a Washington
10  non-profit corporation,,

11            Plaintiff,

12        v.

13  PUBLIC SERVICE INSURANCE
    COMPANY; GREAT LAKES
14  INSURANCE, SE; ASPEN SPECIALTY
    INSURANCE COMPANY; IRONSHORE
15  SPECIALTY INSURANCE COMPANY;
    LIBERTY SURPLUS INSURANCE
16  COMPANY; ALTERRA EXCESS &
    SURPLUS INSURANCE COMPANY;
17  INDIAN HARBOR INSURANCE
    COMPANY; STARR SURPLUS LINES
18  INSURANCE COMPANY; HOMELAND
    INSURANCE COMPANY OF NEW
19  YORK; CERTAIN UNDERWRITERS AT
    LLOYD'S, LONDON (BRIT SYNDICATE
20  2987); and ARCH SPECIALTY
    INSURANCE COMPANY,

21            Defendants.

22

23

24

25

26

27

Civil Action No. 2:22-cv-01373-JCC

**DEFENDANT PUBLIC SERVICE
INSURANCE COMPANY'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS
MOTION TO CERTIFY
INTERLOCUTORY APPEAL AND TO
STAY LITIGATION**

**ORAL ARGUMENT REQUESTED**

**NOTE ON MOTION CALENDAR:
SEPTEMBER 22, 2023**

Filed Concurrently with: Notice of Motion
and Motion; Declaration of Kevin D. Hansen

PSIC's Motion to Certify August 10, 2023 Judgment
for Interlocutory Appeal and Stay Proceedings
(No. 2:22-cv-01373 JCC)

- 1

McCormick Barstow, LLP
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
(513) 62-7520

## MOTION TO CERTIFY THE COURT'S AUGUST 10, 2023 ORDER FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS

Defendant Public Service Insurance Company ("PSIC") hereby moves the Court for an Order Certifying its August 10, 2023 Order granting Plaintiff Sixty-01 Association of Apartment Owners' (the "Association") motion for partial summary judgment for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). PSIC's motion is based on the grounds that the Court's August 10, 2023 Order "involves a controlling question of law" about which "there is substantial ground for difference of opinion", and as to which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Defendant PSIC further moves the Court for an Order staying these proceedings pending the resolution of the interlocutory appeal in the interests of economic and judicial efficiency and economy since the issues subject to appeal are potentially dispositive of Plaintiff's claims, and in light of the extensive discovery which would be involved in bringing this matter to trial.

## I.   INTRODUCTION

Defendant Public Service Insurance Company ("PSIC") respectfully requests this Court certify its August 10, 2023 Order granting Plaintiff Sixty-01 Association of Apartment Owners' (the "Association") motion for partial summary judgment (ECF #151) for interlocutory appeal pursuant to its authority under 28 U.S.C. § 1292(b) because the Order satisfies each of the preconditions to interlocutory appeal and is thus appropriate for immediate interlocutory appeal.

Specifically, the Order involves a controlling question of law over which there are substantial grounds for differences of opinion, and an early review of the matters raised by the motion and the Court's Order would substantially and materially advance the ultimate termination of this litigation because: (1) the Order is dispositive of primary legal issues in dispute in this action since it resolves as a matter of law the interpretation and effect of two principle coverage exclusionary clauses contained in the PSIC policies at issue in the present litigation, and renders a holding as to what the PSIC policies "cover"; (2) the Court's Order is predicated on the conclusion

PSIC's Motion to Certify August 10, 2023 Judgment
for Interlocutory Appeal and Stay Proceedings
(No. 2:22-cv-01373 JCC)

- 1

McCormick Barstow, LLP
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
(513) 762-7520

1    that the recent decision in *The Gardens Condo. v. Farmers Ins. Exch.,* 521 P.3d 957 (Wash. Ct.

2    App. 2022) "implicitly overruled" prior case law which supports the conclusion that the

3    interpretation of the PSIC policies urged by the Association and adopted by the Court in its Order

4    is inconsistent with well-established Washington law governing the interpretation of insurance

5    policies, making clear that other courts applying Washington law could reasonably disagree with

6    the reasoning set forth in the Order;  (3) the Court of Appeal has not previously addressed these

7    issues; and (4) because an early resolution of these issues would unquestionably "materially

8    advance the ultimate termination of the litigation" since a proper interpretation of the provisions

9    of the PSIC policies is likely to be substantially or entirely dispositive of the parties' disputes.

10   Moreover, because of the twenty-year span of the Association's claimed damages, the *substantial*

11   economic damages claimed by the Association, and the *voluminous* documents and records

12   involved, litigating this matter to completion will involve *substantial* discovery and expense, and

13   will almost certainly involve lengthy appeals. See Declaration of Kevin D. Hansen ("Hansen

14   Decl.") ¶¶ 3-6. As a result, early appellate review of the Court's Order granting the Association's

15   Motion for Partial Summary Judgment is likely not only to "materially advance the ultimate

16   termination of the litigation," but as well, to have the salutary effect of dramatically reducing the

17   burden on the Court's and parties' time and economic resources.

18   Accordingly, PSIC submits that the Court should certify its August 10, 2023 Order for

19   interlocutory appeal and issue a stay of proceedings in this action.

20   **II.    BACKGROUND**

21   On September 8, 2022, the Association filed its complaint in the Superior Court for the

22   State of Washington, King County, initiating this action. The complaint named as defendants PSIC

23   and numerous other insurers, and asserted claims for declaratory relief; breach of contract; bad

24   faith; breach of the Consumer Protection Act; negligence; and breach of the Insurance Fair

25   Conduct Act. ECF #1. On September 28, 2022, PSIC removed the matter to this Court. *Id.* On

26   October 20, 2022, the Association filed a First Amended Complaint, and on March 6, 2023, filed

27

PSIC's Motion to Certify August 10, 2023 Judgment
for Interlocutory Appeal and Stay Proceedings
(No. 2:22-cv-01373 JCC)

- 2

McCormick Barstow, LLP
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
(513) 762-7520

1  the presently-operative Second Amended Complaint. ECF #29, 84.[1]

2       On June 1, 2023, the Association filed its motion for partial summary judgment. ECF #126.

3  As it relates to PSIC, the Association's motion asked the Court to hold that: (1) the PSIC policies

4  provide coverage for "water intrusion", "wind-driven rain," and "weather"; and (2) that the PSIC

5  Policies "cover water intrusion, wind-driven rain, and/or weather damage resulting from faulty,

6  inadequate or defective construction or maintenance." ECF #126, at pp. 18:1-21:12, 25:3-29:10.

7       PSIC Opposed the motion on multiple grounds. *See generally,* ECF #137.

8       On August 10, 2023, the Court entered its Order granting the Association's motion. ECF

9  #151.  The Court's Order Court held that "water intrusion," "wind-driven rain," and "weather

10  conditions" are covered perils under the PSIC's policies because the policies are all-risks policies

11  and do not specifically exclude such perils. *See generally,* ECF #151, at pp. 6:17-7:6 ("Weather-

12  Related Events as a Covered Peril"); and *see, id.,* at p. 7:4-6. It further held that "despite the

13  existence of [the inverse proximate cause] language" contained in the exclusion, "the PSIC policy

14  covers the perils of water intrusion, wind-driven rain, and/or weather damage, based on the ensuing

15  loss language." *Id.,* at p. 8:5-8.

16       PSIC now brings this motion to certify the Court's Order for interlocutory appeal and stay

17  these proceedings pending a resolution of the interlocutory appeal.

18  **III.**   **ARGUMENT**

19      **A.**   **Legal Standard**

20       This Court has discretion to certify a ruling for interlocutory appeal when the ruling: (1)

21  "involves a controlling question of law;" (2) "there is substantial ground for difference of opinion;"

22  and (3) "an immediate appeal from the order may materially advance the ultimate termination of

23  the litigation." 28 U.S.C. § 1292(b); *Juliana v. United States,* 949 F.3d 1125, 1126 (9th Cir. 2018);

24

25  [1] In addition to the filing of these Amended Complaints, the Association has also dismissed certain
defendants, and named other defendants to this action; additionally PSIC previously filed a motion

26  to dismiss which this Court denied. However, as those matters do not directly bear on the present
motion, they will not be addressed further here. *See, e.g.,* ECF #42, 89.

27

PSIC's Motion to Certify August 10, 2023 Judgment
for Interlocutory Appeal and Stay Proceedings
(No. 2:22-cv-01373 JCC)

- 3

McCormick Barstow, LLP
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
(513) 762-7520

*Hovila v. Tween Brands, Inc.,* Case no. C09-0491RSL, 2010 WL 11684275 * 1 (W.D.Wash. June 11, 2010). The  district court must find that all three of the statutory certification elements are met before granting leave to appeal an order that is not final. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982); *Tween Brands, Inc.,* 2010 WL 116854275 * 1; *In re Allen-Vrablik,* No. C12-0185JLR, 2012 WL 681654 *2 (W.D. Wash. Feb. 27, 2012).

The party seeking interlocutory appeal under Section 1292(b) bears the burden to show "exceptional circumstances" which justify appeal.  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *In re Cement Antitrust Litigation*, 673 F.2d at 1026; *Tween Brands,* 2010 WL 116854275 * 1.

**B.**     **The Court's Order Granting The Association's Motion For Partial Summary Judgment Satisfies the Preconditions For Interlocutory Appeal**

**1.**     **The Order Addresses A "Controlling Question of Law"**

A controlling question of law is presented when "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.,* 673 F.2d at 1026 (citing *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)); *ICTSI Oregon, Inc. v. Int'l Longshore and Warehouse Union,* 22 F.4th 1125, 1130 (9th Cir. 2022).

Here, that standard is plainly met, as the Court's Order resolves as a matter of law the interpretation and effect of two principle coverage exclusionary clauses contained in the PSIC policies on which coverage for vast damages at issue in the present litigation turns, and renders a holding as to what the PSIC policies "cover", as a result. *See,* Order, ECF #151, at p. 9:8-12 (holding that "3. The PSIC policy covers the perils of 'water intrusion,' 'wind-driven rain,' and 'weather' (or 'weather conditions')"; and "4. The PSIC policy covers damage resulting from water intrusion, wind-driven rain, and/or weather to the extent it results from faulty, inadequate or defective construction or maintenance[.]").

**2.**     **There Are Substantial Grounds for Difference of Opinion**

Turning to the "substantial grounds" prong, this element of the test "is satisfied when "novel legal issues are presented, on which fair-minded jurists might reach contradictory

PSIC's Motion to Certify August 10, 2023 Judgment
for Interlocutory Appeal and Stay Proceedings
(No. 2:22-cv-01373 JCC)

- 4

McCormick Barstow, LLP
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
(513) 762-7520

1  conclusions." *ICTSI Oregon, Inc.,* 22 F.4th at 1130 (quoting *Reese v. BP Expl. (Alaska) Inc.,* 643

2  F.3d 681 688 (9th Cir. 2011). Thus, "substantial grounds" exist if the controlling law is unclear.

3  *See, Couch v. Telescope, Inc.,* 611 F.3d 629, 633 (9th Cir. 2010) (observing that, in determining

4  whether "substantial grounds" exist, "courts must examine to what extent the controlling law is

5  unclear."). In consequence, "substantial grounds" may be demonstrated where, for instance,

6  relevant case law is in conflict. *Id.* (citing *Union County v. Piper Jaffray & Co.,* 525 F.3d 643, 647

7  (8th Cir. 2008) (per curiam) (observing, in concluding that no "substantial grounds" exist, that the

8  movant had "not provided a single case that conflicts with the district court's construction or

9  application of" the statute at issue); *Okanogan Highlands Alliance v. Crown Resources Corp.,* 604

10  F.Supp.3d 1129, 1134 (E.D.Wash. 2021) (noting that a "direct conflict with the district court's

11  application of relevant law" is not required to establish the existence of a "substantial dispute").

12  Likewise, the prong may be satisfied where the Circuit Court of Appeal has not passed on the

13  issue. *ICTSI Oregon, Inc.,* 22 F.4th at 1130 (quoting *Couch,* 611 F.3d at 633).

14     Moreover, the Court need not believe that the decision was in error to acknowledge that

15  "substantial grounds" may exist. *See, e.g., Reese,* 643 F.3d at 688, and *In re Cement Antitrust

16  Litig.,* 673 F.2d, 1028 (each emphasizing that the base issue is whether "reasonable judges might

17  differ" and whether "'uncertainty provides a credible basis for difference of opinion' on the

18  issue."); *Okanogan Highlands Alliance,* 604 F.Supp.3d at 1134 (no need for direct conflict with

19  court's ruling).

20     With respect to the Court's Order granting the Association's motion for partial summary

21  judgment, substantial grounds for dispute concerning the Court's ruling exist. Specifically, in its

22  Order, the Court determined that "water intrusion," "wind-driven rain," and "weather conditions"

23  are covered perils under the PSIC's policies because the policies are all-risks policies and do not

24  specifically exclude such perils. *See generally,* ECF #151, at pp. 6:17-7:6 ("Weather-Related

25  Events as a Covered Peril"); and *see, id.,* at p. 7:4-6 ("For this reason, the Court holds, as a matter

26  of law, that water intrusion, wind-driven rain, and weather conditions are distinct perils covered

27

PSIC's Motion to Certify August 10, 2023 Judgment
for Interlocutory Appeal and Stay Proceedings
(No. 2:22-cv-01373 JCC)

- 5

McCormick Barstow, LLP
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
(513) 762-7520

by the PSIC policy.").

The Court then considered whether "ensuing loss" language in the inverse efficient proximate cause provision contained within the PSIC Policies' exclusion for "faulty, inadequate or defective . . . workmanship, repair, [or] construction . . . ." restores coverage where damage results from "water intrusion," "wind-driven rain," and "weather conditions" to the extent they result from faulty, inadequate or defective construction or maintenance. *See,* ECF 151, at p. 8:4-22. The Court's Order then concluded that, "despite the existence of [the inverse proximate cause] language" contained in the exclusionary language,  "the PSIC policy covers the perils of water intrusion, wind-driven rain, and/or weather damage, based on the ensuing loss language." *Id.,* at p. 8:5-8.

In so holding, the Court relied on its prior decision in *Sunwood Condominium Ass'n v. Travelers Cas. Ins. Co. of Am.,* 2017 WL 5499809 (2017), thereby rejecting PSIC's arguments that *Sunwood* was factually distinguishable from the instant matter. *Compare*, ECF #137, at pp. 20:21-21:2, with ECF #151, at p. 8:8-10. Critically, however, the Court's analysis also rejected the interpretive approach and holdings of the decisions in *Belmain Place Condo. Owners Ass'n v. Am. Ins. Co.*, No. C19-156 MJP, 2019 WL 4190170, at *4 (W.D. Wash. Sept. 4, 2019), *Corliss Condo. Owners Ass'n v. Nat'l Sur. Corp.*, 631 F.Supp.3d 942, 949 (W.D. Wash. 2022), *Sprague v. Safeco Ins. Co. of Am.,* 174 Wash. 2d 524 (2012), and *Windcrest Owners' Ass'n v. Allstate Ins. Co.,* 24 Wash.App.2d 866 (2023), each of which rejected the broad interpretation given the "ensuing loss" language adopted in the Court's Order, on the grounds such an interpretation would effectively "swallow" the relevant exclusionary language "whole", resulting in an "absurd" and "nonsensical" interpretation of the policy which was contrary to the ordinary rules of policy interpretation since it would effectively render the exclusion a nullity.[2] ECF #151, at p. 8:11-12. Indeed, the Court's

---

[2] In this respect, as the Court is aware, in Washington, it is well settled that "Washington courts interpret language in insurance policies as a matter of law," and in so doing, must give policy language "'a fair, reasonable, and sensible construction'". *Seattle Tunnel Partners v. Great Lakes Reins. (UK) PLC,* 200 Wash. 2d 315, 321 (Wash. 2022) (en banc). Moreover, "Washington courts construe insurance policies as a whole, giving force and effect to each clause in the policy."

PSIC's Motion to Certify August 10, 2023 Judgment
for Interlocutory Appeal and Stay Proceedings
(No. 2:22-cv-01373 JCC)

- 6

McCormick Barstow, LLP
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
(513) 762-7520

1    ruling was expressly predicated on its belief that *Belmain* and *Corliss* "were implicitly overruled

2    by *The Gardens Condo. v. Farmers Ins. Exch.,* 521 P.3d 957 (Wash. Ct. App. 2022)". ECF #151,

3    at p. 8:11-14.

4          Finally, it bears noting that PSIC has identified no decision in which the Ninth Circuit has

5    evaluated these issues—a matter which is somewhat unsurprising since it appears that the Court's

6    Order is the first decision to take the position that *Belmain* and *Corliss* were "implicitly overruled

7    by" the decision in *The Gardens.*

8          Given the grounds and reasoning underpinning the Court's ruling, the Order is subject to

9    "substantial grounds for dispute" both as to (1) the question whether *Belmain* and *Corliss* were in

10   fact "overruled by" the Washington Court of Appeal's decision in *The Gardens*—a conclusion

11   upon which this Court's decision is expressly grounded—such that the reasoning of *Belmain* and

12   *Corliss* should not control the outcome here; and (2) far more fundamentally, whether, as

13   recognized in *Belmain, Corliss, Sprague,* and *Windcrest*, the interpretation given to the PSIC

14   policies' "ensuing loss" language in the Court's Order (and implicitly, in *The Gardens*) is

15   inconsistent with the well-settled Washington law holding that policy language must be read "as a

16   whole" and may not be read in a manner which is "strained or forced," or which would result in

17   an "absurdity", since the effect of the Court's interpretation of the PSIC policies' "ensuing loss"

18   language effectively "swallows" or renders the applicable exclusionary language a nullity.

19        **C.**   <u>**Interlocutory Appeal Would Materially Advance the Ultimate Termination**</u>
20             <u>**of this Litigation**</u>

21         As to the third prong of the certification test, whether permitting an interlocutory appeal

22

23   *Metropolitan Prop. and Cas. Ins. Co. v. McCarthy,* 43 F.Supp.3d 1157, 1161 (W.D. Wash. 2014)
     (citing *Am. Star Ins. Co. v. Grice,* 121 Wash. 2d 869, 874 (1993).) "If the policy language is clear
24   and unambiguous, the Court will not modify the policy or create an ambiguity." *Id.* The Court
     must "not engage in a 'strained or forced construction' that would lead to absurd results." *Christal*
25   *v. Farmers Ins. Co. of Washington,* 133 Wash. App. 186, 191 (2006). Nor may the Court "interpret
     policy language in a way that extends or restricts the policy beyond its fair meaning or renders it
26   nonsensical or ineffective." *Id.* (citing *Morgan v. Prudential Ins. Co. of Am.,* 86 Wash.2d 432, 434-
     435 (1976)); *Boag v. Farmers Ins. Co. of Wash.,* 117 Wash. App. 116, 124 (2003) (same).

27

PSIC's Motion to Certify August 10, 2023 Judgment       McCormick Barstow, LLP
for Interlocutory Appeal and Stay Proceedings       Scripps Center, Suite 1050
(No. 2:22-cv-01373 JCC)                   312 Walnut Street
                                     Cincinnati, Ohio 45202
- 7                                       (513) 762-7520

would "materially advance the ultimate termination of the litigation," to satisfy 28 U.S.C. § 1292(b), an interlocutory appeal need not have a final, dispositive effect on the litigation; it is enough that it "may materially advance" the litigation. *Reese,* 644 F.3d at 688 (quoting 28 U.S.C. 1292(b)); *Dougan v. Children's Place, Inc.,* Case no. C20-0818JLR, 2021 WL 764263 *5 (W.D.Wash. Feb. 26, 2021). Thus, permitting interlocutory appeal under § 1292(b) is appropriate "where an intermediate appeal may avoid protracted litigation." *Dougan, supra,* 2021 WL 764263 *5 (quoting *Koehler v. Bank of Bermuda,* 101 F.3d 863, 865 (2d Cir. 1996), in turn citing *Milbert v. Bison Labs,* 260 F.2d 431, 433-435 (3d Cir. 1958))*; ICTSI Oregon, Inc.,* 22 F.4th at 1131 (quoting *In re Cement Antitrust Litig.,* 673 F.2d at 1027).

Here, the litigation involves claims by the Association for damage to its property allegedly resulting from "water intrusion," *which the Association concedes* "involved" "construction defects." ECF #127-11, at p. 4. As such, the issues decided by the Court's Order are fundamental to the viability of the Association's claims, and consequently, if ultimately reversed on appeal, would likely be dispositive of much or all of its claims against PSIC. Further, the Association claims some $100 *million* in alleged damages which it seeks to recover by way of this litigation, along with exemplary damages up to $402,099,560, attorneys' fees, and other sums. See generally, ECF #84; #126, at p. 4; Hansen Decl. ¶ 3.

Additionally, given the nature of the claimed damages and issues involved spanning over 50 years, there are massive amounts of documents involved in discovery "that will require hundreds of hours of review, making the discovery process very expensive. Specifically, on July 31, 2023, the Association served on Defendants approximately 114 gigabytes of electronic data in response to discovery requests." Hansen Decl. ¶¶ 3-4. It is also anticipated that the parties will likely engage in various discovery challenges in relation to the Association's enormous document production as its approach to responding to discovery requests is to simply point to its approximately 114 gigabytes of data without so much as identifying bates numbers or categories of documents to its responses. Hansen Decl. ¶ 5. Thus, it is clear that "an intermediate appeal may

PSIC's Motion to Certify August 10, 2023 Judgment
for Interlocutory Appeal and Stay Proceedings
(No. 2:22-cv-01373 JCC)

- 8

McCormick Barstow, LLP
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
(513) 762-7520

avoid protracted litigation" in this matter. *Dougan, supra,* 2021 WL 764263 *5 (quoting *Koehler v. Bank of Bermuda,* 101 F.3d 863, 865 (2d Cir. 1996), (citing *Milbert v. Bison Labs,* 260 F.2d 431, 433-435 (3d Cir. 1958))*; ICTSI Oregon, Inc.,* 22 F.4th at 1131 (quoting *In re Cement Antitrust Litig.,* 673 F.2d at 1027).

Consequently, in the absence of early appellate review of these issues, there is every prospect that this matter may proceed to trial only to be followed by appeals predicated primarily upon the issues which PSIC now asks this Court to certify for appeal, and which would substantially clarify the parties' position well before trial. As such, resolution of the issues raised by the Court's Order through prompt interlocutory appeal would unquestionably "materially advance the ultimate termination" of this litigation.

### D.   A Stay of Proceedings Is Appropriate

While the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher,* 467 F.2d 242, 244 (9th Cir. 1972); *see also, Clinton v. Jones,* 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983); *Brown v. Papa Murphy's Holdings Inc.,* Case no. 3:19-cv-05514-BHS-JRC, 2021 WL 4067462 *4 (W.D. Wash. June 9, 2021) (granting stay of proceedings pending interlocutory appeal based on efficiency and economy of judicial resources); *Deming v. First Franklin,* Case no. 09-541RJB, 2010 WL 2326170 *1 (W.D. Wash. June 7, 2010) (same); *Hill v. Glebe,* Case no. 14-5330-RJB JCC, 2015 WL 1538771 *2 (W.D. Wash. Apr. 7, 2015) (same).

Here, because the issue which PSIC seeks leave to appeal is potentially dispositive of

PSIC's Motion to Certify August 10, 2023 Judgment
for Interlocutory Appeal and Stay Proceedings
(No. 2:22-cv-01373 JCC)

- 9

McCormick Barstow, LLP
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
(513) 762-7520

1  Plaintiff's claims, and the parties and Court may reasonably expect that bringing this matter to trial

2  will involve extensive discovery and expense. Hansen Decl. ¶¶ 3-5. Consequently, PSIC submits

3  that  a stay of proceedings in this action pending a resolution of the interlocutory appeal is

4  appropriate and warranted, and will serve the interests of the parties and judicial economy.

5  **IV.    CONCLUSION**

6         For the reasons set forth above, PSIC respectfully requests that the Court grant its motion

7  to certify its August 10, 2022 Order for interlocutory appeal and stay all proceedings in this matter

8  pending the outcome of the interlocutory appeal.

9  DATED: August 21, 2023                McCORMICK, BARSTOW, SHEPPARD,
                                          WAYTE & CARRUTH LLP
10

11                                   By:      _s/ Patrick Fredette_
                                          Patrick Fredette, WSBA 25300
12                                        patrick.fredette@mccormickbarstow.com
                                          Scripps Center, Suite 1050
13                                        312 Walnut Street
                                          Cincinnati, Ohio 45202
14                                        Phone (513) 762-7520
                                          Fax (513) 762-7521
15

16                                        Attorneys for Public Service Insurance
                                          Company, an Illinois Corporation
17

18         I certify that this memorandum contains 3,404 words, in compliance with the Local Civil

19  Rules.

20  9301897.2

PSIC's Motion to Certify August 10, 2023 Judgment
for Interlocutory Appeal and Stay Proceedings
(No. 2:22-cv-01373 JCC)

- 10

McCormick Barstow, LLP
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
(513) 762-7520

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## PROOF OF SERVICE

**Sixty-01 Association of Apartment Owners v. Public Service Ins. Co.**
**Case No. 22-cv-01373-JCC**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Fresno, State of California.  My business address is 7647 North Fresno Street, Fresno, CA 93720.

On August 21, 2023, I served true copies of the following document(s) described as **DEFENDANT PUBLIC SERVICE INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO CERTIFY INTERLOCUTORY APPEAL AND TO STAY LITIGATION** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 21, 2023, at Fresno, California.


_____
*/s/ Heather Ward*
Heather Ward

PSIC's Motion to Certify August 10, 2023 Judgment
for Interlocutory Appeal and Stay Proceedings
(No. 2:22-cv-01373 JCC)

-

McCormick Barstow, LLP
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
(513) 762-7520

**SERVICE LIST**
**Sixty-01 Association of Apartment Owners v. Public Service Ins. Co.**
**Case No. 22-cv-01373-JCC**

| | |
|---|---|
| Jesse Miller<br>imiller@ashbaughbeal.com<br>Zach O Mclsaac<br>zmcisaac@ashbaughbeal.com<br>Teresa MacDonald<br>TMacDonald@ashbaughbeal.com | Attorneys for Sixty-01 Association of<br>Apartment Owners |
| Jeffrey Stuart Tindal<br>jtindal@selmanlaw.com<br>Daniel C. Heath<br>dheath@selmanlaw.com<br>Dallas W. Whiteley<br>dwhiteley@selmanlaw.com | Attorneys for Great Lakes Insurance SE |
| P Bruce Converse<br>bconverse@dickinsonwright.com<br>Marilee C. Erickson<br>merickson@rmlaw.com | Attorneys for Alterra Excess & Surplus<br>Ins. Co, |
| Jesse Miles<br>milesj@lanepowell.com<br>Sharlee Nichol, Paralegal<br>nichols@lanepowell.com<br>Lou Rosenkranz, Legal Assistant<br>rosenkranzl@lanepowell.com | Attorneys for Indian Harbor Ins. Co. |
| Gary A. Barrera<br>gbarrera@moundcotton.com<br>Jonathan Gross<br>jgross@moundcotton.com<br>Michael Edward Ricketts<br>mricketts@gth-law.com<br>Anrea Wei<br>awei@moundcotton.com<br>Kelly McAndrews<br>kmcandrews@moundcotton.com | Attorneys for Starr Surplus Line Ins. Co. |

PSIC's Motion to Certify August 10, 2023 Judgment<br>for Interlocutory Appeal and Stay Proceedings<br>(No. 2:22-cv-01373 JCC)<br>-

McCormick Barstow, LLP<br>Scripps Center, Suite 1050<br>312 Walnut Street<br>Cincinnati, Ohio 45202<br>(513) 762-7520

| | | |
|---|---|---|
| 1 | Caitlyn Mathews<br>caitlyn.mathews@bullivant.com | Attorneys for Homeland Ins. Co. of New York |
| 2 | Matthew J Sekits<br>matthew.sekits@bullivant.com | |
| 3 | Owen Richard Mooney<br>owen.mooney@bullivant.com | |
| 4 | Tonyha Davies<br>tonyha.davies@bullivant.com | |
| 5 | Kristin Anderson<br>kristin.anderson@bullivant.com | |
| 6 | Genevieve Schmidt<br>genevieve.schmidt@bullivant.com | |
| 7 | Freida Mason<br>Freida.Mason@bullivant.com | |
| 8 | | |
| 9 | Timothy John Repass<br>trepass@wshblaw.com | Attorneys for Certain Underwriters at Lloyd's, London (Brit Syndicate 2987) |
| 10 | | |
| 11 | Robert S May<br>rmay@kilmerlaw.com | Attorneys for Arch Specialty Ins. Co. |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |

PSIC's Motion to Certify August 10, 2023 Judgment
for Interlocutory Appeal and Stay Proceedings
(No. 2:22-cv-01373 JCC)

-

McCormick Barstow, LLP
Scripps Center, Suite 1050
312 Walnut Street
Cincinnati, Ohio 45202
(513) 762-7520