THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIXTY-01 ASSOCIATION OF APARTMENT OWNERS,<br><br>                    Plaintiff,<br><br>     v.<br><br>PUBLIC SERVICE INSURANCE COMPANY, *et al.*,<br>                    Defendants. | CASE NO. C22-1373-JCC<br><br>ORDER |

This matter comes before the Court on Public Service Insurance Company's ("PSIC") motion seeking interlocutory appeal. (Dkt. No. 152.) However, in light of the Washington Supreme Court's recent order granting discretionary review in *The Gardens Condo. v. Farmers Ins. Exch.*, *see* Order Granting Petition for Review, Case No. 101892-4 (Wash. Aug. 15, 2023), the Court DENIES without prejudice PSIC's motion (Dkt. No. 152)[1] and STRIKES the current trial date in this matter, along with deadlines for dispositive motions, LCR 39.1 mediation, and

---

[1] The Court does so because in previously granting partial summary judgment to Plaintiff—the decision PSIC now seeks interlocutory appeal of—this Court relied on the Washington Court of Appeals' interpretation and application of inverse efficient proximate clause language coupled with an ensuing loss clause in *The Gardens Condo. v. Farmers Ins. Exch.* (*See* Dkt. No. 151 at 8 (citing 521 P.3d 957, 960 (Wash. Ct. App. 2022)).

pretrial motions. (*See* Dkt. No. 94.) Any other deadlines, including the discovery cut off, are unchanged.

A district court has broad discretion to stay a proceeding, incidental to the inherent power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power includes staying an action "pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). The Washington Supreme Court's decision in *The Gardens* will likely control the scope of PSIC's policy coverage. Hence, the Court finds a stay of this matter appropriate.[2]

It is so ORDERED this 5th day of October 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] The Court considered the following factors in staying this case: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The Court appreciates that staying this case during the pendency of the Washington Supreme Court's consideration of *The Gardens* will delay any immediate resolution. But when viewed in light of a likely direct appeal of this Court's legal determinations, following a final judgment on the merits, the orderly course of justice for all involved suggest that any harm, hardship, or inequity resulting from the stay described above will be minimal.