THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIXTY-01 ASSOCIATION OF APARTMENT OWNERS,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>PUBLIC SERVICE INSURANCE COMPANY, *et al.*,<br><br>　　　　　　　　Defendants, | CASE NO. C22-1373-JCC<br><br>ORDER |

　　　This matter comes before the Court on Plaintiff's notice regarding *in camera* review of certain documents associated with Defendant's privilege log (Dkt. No. 171). Having reviewed the documents (Dkt. Nos. 177, 179) and having thoroughly considered the relevant record, the Court hereby ORDERS the disclosure of McCormick Barstow LLP's June 2, 2022, coverage opinion provided to Defendant Public Service Insurance Company ("PSIC") (Dkt. No. 177-5 at 2–63) (Bates # PSIC001485–PSIC001546), along with any preliminary drafts of that coverage opinion which McCormick Barstow shared with PSIC prior to June 2, 2022. No other documents need be produced, as the remainder are privileged or subject to work-product protection.

　　　The Court has described the discovery dispute presently before it in a prior order addressing Plaintiff's motion to compel. (*See* Dkt. No. 164.) In accordance with that order and Plaintiff's subsequent notice, the Court performed *in camera* review of a selection of documents

ORDER
C22-1373-JCC
PAGE - 1

associated with PSIC's privilege log. (*See* Dkt. No. 171 at 12–13) (entries subject to *in camera* review). At issue, of course, is whether McCormick Barstow engaged in quasi-fiduciary duties, thereby invalidating the attorney-client privilege that would otherwise apply. *See Cedell v. Farmers Ins. Co. of Washington*, 295 P.3d 239, 244 (Wash. 2013).

From the Court's review, it is now clear that PSIC borrowed a substantial amount of the coverage opinion (Dkt. No. 177-5 at 2–63) (Bates # PSIC001485–PSIC001546) for the draft of a denial letter to Plaintiff (Dkt. No. 172-6 at 2–17), which PSIC then incorporated into the final denial letter (Dkt. No. 127-10 at 2–18). This includes background information, (*see* Dkt. No. 172-6 at 3–9), and coverage analysis, including applicable exclusions, (*see id.* at 9–17). For this reason, the Court must conclude that the coverage opinion itself, including preliminary drafts shared with PSIC, cannot be shielded under attorney-client privilege. *See Canyon Estates Condo. Assn. v. Atain Specialty Ins. Co.*, 2020 WL 363379, slip op. at 1 (W.D. Wash. 2020) (citing *Bagley v. Travelers Home and Marine Ins. Co.*, 2016 WL 4494463, slip op. at 2 (W.D. Wash. 2016)).

But no other communications between McCormick Barstow and PSIC, which it withheld for the reasons described in its privilege log, need be disclosed. They are, indeed, subject to a combination of attorney-client privilege and work-product protections. As it relates to those documents and communications, it appears clear that McCormick Barstow knew very well of *Cedell's* implications and acted accordingly. Indeed, it cabined its investigatory work, at least that portion prior to Plaintiff's IFCA notice, to that required for coverage analysis—not to adjust the claim. And while PSIC, by incorporating large portions of the coverage opinion into its denial letter, ostensibly converted a portion of this work to quasi-fiduciary work, it was PSIC's doing, rather than McCormick Barstow's. For this reason, the Court cannot conclude that the communications facilitating that coverage work are quasi-fiduciary in nature.

Accordingly, PSIC is ORDERED to produce to Plaintiff, within seven days of this Order, McCormick Barstow's June 2, 2022, coverage opinion (Dkt. No. 177-5 at 2–63) (Bates #

1  PSIC001485–PSIC001546), along with any preliminary drafts of the coverage opinion which
2  McCormick Barstow shared with PSIC prior to June 2, 2022.

4      DATED this 7th day of March 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE