THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIXTY-01 ASSOCIATION OF APARTMENT OWNERS,

Plaintiff,

v.

PUBLIC SERVICE INSURANCE COMPANY, *et al.*,

Defendants.

CASE NO. C22-1373-JCC

ORDER

This matter comes before the Court on defense counsels' notice of withdrawal and motion to withdraw (Dkt. Nos. 202, 204), along with Defendant Public Service Insurance Company's ("PSIC") motion for relief from deadlines (Dkt. No. 206). For the reasons described below, the Court GRANTS the motion to withdraw (Dkt. No. 204) and for relief from deadlines (Dkt. No. 206).[1]

On October 4, 2024, PSIC attorneys made two filings: Terri Sutton of Kennedys CMK LLP lodged a notice of appearance (Dkt. No. 201); and Kevin Hansen, Maria Valencia, Nicholas Rasmussen, and Patrick Fredette of McCormick, Barstow, Sheppard, Wayte, & Carruth, LLP ("McCormick & Barstow"), along with Matthew Halldorson of Fain Anderson Vanderhoef

---

[1] As described below, the notice of withdrawal (Dkt. No. 202) did not comply with the local rules when filed.

Rosendahl O'Halloran Spillane ("FAVROS"), lodged a combined notice of withdrawal (Dkt. No. 202). Ms. Sutton's appearance preceded the notice of withdrawal by a few hours. Plaintiff objected to Ms. Sutton's notice, arguing that leave of the Court is required because the two notices effected the contemporaneous termination of one law office and the appearance of another. (*See* Dkt. No. 203 at 2) (citing LCR 83.2(b)(2)). McCormick & Barstow counsel then moved to withdraw. (*See* Dkt. No. 204.) FAVROS counsel did not.

Separately, and on PSIC's behalf, Ms. Sutton moves to extend the case management schedule in this matter. (Dkt. No. 206.) She seeks roughly a two-month extension of the discovery cut-off, dispositive motion deadline, and trial date. (*Id.* at 4.) This is to allow her and her colleagues time (in light of their current schedules) to familiarize themselves with discovery produced to date, complete needed discovery, engage in dispositive motion(s) practice, and prepare for trial. (*See generally* Dkt. No. 206.) Ms. Sutton also seeks roughly a two-week extension to the briefing schedule for Plaintiff's motions presently outstanding. (*Id.* at 4.)

McCormick & Barstow indicates that PSIC terminated it on October 4, 2024, and this termination was, in part, because Plaintiff is likely to call McCormick & Barstow attorney Kevin Hansen to testify in this matter (based on his alleged role in investigating Plaintiff's first party claims against PSIC). (*See* Dkt. No. 204 at 2.) As a result, McCormick & Barstow's continued representation would violate Washington's rules of professional conduct. (*Id.*) (citing RPC 1.16. Declining or Terminating Representation, RPC 3.7. Lawyer as Witness).

When evaluating a motion to withdraw, the Court considers a variety of factors, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Russell v. Samec*, 2021 WL 3130053, slip op. at 1 (W.D. Wash. 2021) (internal citations omitted). In addition, LCR 83.2(b)(1) provides that leave to withdraw is ordinarily not provided less than sixty days prior to the discovery cut-off. *Id.* However, the Court retains discretion to allow withdrawal at any time.

*See Putz v. Golden*, 2012 WL 13019202, slip op. at 3 (W.D. Wash. 2012); *see also Washington v. Starbucks Corp.*, 2009 WL 10675531, slip op. at 1 (W.D. Wash. 2009) (allowing attorney to withdraw with less than sixty days remaining before the discovery cut-off date). And the Court will modify a scheduling order based on a showing of good cause. LCR 16(b)(6). To do so, it considers the following: (1) the party seeking the continuance's diligence in preparing for trial; (2) the need for a continuance; (3) inconvenience to the opposing party, the witnesses, and the Court; and (4) the hardship a denial would cause. *Rollins v. Traylor Bros Inc.*, 2017 WL 2215778, slip op. at 1 (W.D. Wash. 2017) (citing *U.S. v. 2.61 Acres of Land*, 791 F.2d 666, 670–71 (9th Cir. 1986)).

In opposing the motions to withdraw and for relief from a deadline, Plaintiff contends PSIC's choice of counsel was a poor one, given their current availability. (*See* Dkt. No. 212 at 14–15.) Plaintiff also suggests that PSIC has not been diligent in pursuing discovery and, for this reason, should not be rewarded with an extension of the case management schedule. (*Id.* at 18–21.) Finally, Plaintiff asserts that any delay in this proceeding would be prejudicial. (*Id.* at 12–17.)

But PSIC, like any party, is generally entitled to counsel of its choice. *See, e.g., Optyl Eyewear Fashion Intern. Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1049 (9th Cir. 1985); *U.S. for Use and Benefit of Lord Elec. Co., Inc. v. Titan P. Const. Corp.*, 637 F. Supp. 1556, 1563 (W.D. Wash. 1986); *Williams v. City of Beverly Hills*, 2023 WL 4681130, slip op. at 4 (C.D. Cal. 2023). Moreover, Mr. Hansen's pre-litigation conduct is a key focus in Plaintiff's bad faith claim. (*See, e.g.*, Dkt. Nos. 196 at 6, 213-1 at 6–7, 213-2 at 5–6.) Therefore, his firm's continued service would be highly prejudicial. Whereas Plaintiff fails to establish *any* prejudice on its end from Mr. Hansen and his firm's removal and replacement, other than a naked assertion that it would be prejudiced by the resulting delay. Plaintiff does not suggest, for example, that a key witness or counsel could not be available, were deadlines to be continued. (*See generally* Dkt. No. 212.) Instead, Plaintiff points out that it has been diligent in pursuing discovery and

PSIC has not. For this reason, it would like to get on with it. (*Id.*)

While the Court shares Plaintiff's concerns, they are not sufficient to bar PSIC from representation from counsel of its choosing, particularly in light of the modest delay resulting from counsel's replacement. Accordingly, the Court GRANTS McCormick & Barstow's motion to withdraw (Dkt. No. 204)[2] and PSIC's motion for relief from a deadline (Dkt. No. 206) and revises the case management schedule (Dkt. Nos. 186, 189) as follows:

| **Event** | **Current Date** | **Revised Date** |
| --- | --- | --- |
| Opposition to Plaintiff's 2nd Motion for Summary Judgment (Dkt. No. 196) | October 9, 2024 | October 25, 2024 |
| Opposition to Plaintiff's Motion for Protective Order and to Exclude PSIC Expert Witness Robert Wood   (Dkt. No. 198) | October 11, 2024 | October 28, 2024 |
| Plaintiff's Reply in Support of Motion for Summary Judgment (Dkt. No. 196) & Noting Date | October 16, 2024 | November 4, 2024 |
| Plaintiff's Reply in Support of Motion for Protective Order and to Exclude (Dkt. No. 196) & Noting Date | October 17, 2024 | November 4, 2024 |
| Opposition to Plaintiff's Motion to Quash Subpoenas Duces Tecum (Dkt. No. 210) | October 24, 2024 | November 7, 2024 |
| Plaintiff's Reply in Support of Motion to Quash (Dkt. No. 210) & Noting Date | October 30, 2024 | November 15, 2024 |
| Dispositive motions due | November 5, 2024 | January 6, 2025 |
| Deadline to file discovery-related motions | November 5, 2024 | January 6, 2025 |

---

[2] Mr. Halldorson's notice of withdrawal (Dkt. No. 202) was not effective at the time it was filed because replacement counsel only concurrently lodged an appearance (Dkt. No. 201). *See* LCR 83.2(b)(2). Nevertheless, because PSIC is now represented by counsel, leave of the Court is no longer required for Mr. Halldorson's withdrawal pursuant to LCR 83.2(b)(3). He need not refile his notice for it to now be effective.

ORDER
C22-1373-JCC
PAGE - 4

| Event | Current Date | Revised Date |
|---|---|---|
| Discovery cutoff | November 5, 2024 | January 6, 2025 |
| Motions *in Limine* due | January 24, 2025 | March 26, 2025 |
| Pretrial Order due | January 24, 2025 | March 26, 2025 |
| Proposed verdict form, *voir dire*, and jury instructions due | January 27, 2025 | March 31, 2025 |
| Trial briefs submission date | January 30, 2025 | March 31, 2025 |
| Jury Trial | February 3, 2025 | April 7, 2025 |

It is so ORDERED this 15th day of October 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C22-1373-JCC
PAGE - 5