THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIXTY-01 ASSOCIATION OF APARTMENT OWNERS,<br><br>Plaintiff,<br>v.<br><br>PUBLIC SERVICE INSURANCE COMPANY, *et al.*,<br><br>Defendants. | CASE NO. C22-1373-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motions for a protective order (Dkt. No. 198) and to quash (Dkt. No. 210).[1] Having thoroughly considered the briefing and the relevant record, the Court DENIES Plaintiff's motions for the reasons explained herein.

The Court has described the facts and procedural history of this case in prior orders, (*see, e.g.,* Dkt. Nos. 80, 151, 164), and will not repeat them here. Plaintiff now asks the Court to (a) protect it from producing information to Defendant Public Service Insurance Company ("PSIC") regarding Plaintiff's treatment of settlements reached with other insurance companies (former defendants here) regarding the loss event currently at issue in this matter, (b) exclude testimony from PSIC's expert Robert Wood regarding the same, and (c) quash subpoenas *deuces tecum* to

---

[1] Everest Insurance Company joins in Plaintiff's motion to quash. (*See* Dkt. No. 230.)

ORDER
C22-1373-JCC
PAGE - 1

those settling companies regarding their treatment of those settlements. (*See* Dkt. Nos. 198 at 9–14, 210 at 1–4.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information is "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

On a motion for a protective order, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). District courts are vested with broad discretion in determining whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 36 (1984); *Phillips ex rel. Estate of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). Similarly, a district court may deny a motion to quash or modify a subpoena if the moving party fails to show that compliance with the subpoena would result in an undue burden. *See* Fed. R. Civ. P. 45(d)(3)(a)(iv).

Plaintiff fails to establish the prejudice, undue burden, or other harm (to Plaintiff or the subpoena recipients) arising from production of the information PSIC seeks. Moreover, Plaintiff's argument that disclosure is premature is unavailing. Accordingly, the Court DENIES Plaintiff's motions (Dkt. Nos. 198, 210).[2]

//

//

---

[2] Plaintiff may renew its motion to exclude testimony from PSIC's expert, Mr. Wood, prior to trial. For now, though, the request is premature.

DATED this 8th day of November 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE