THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIXTY-01 ASSOCIATION OF APARTMENT OWNERS,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC SERVICE INSURANCE COMPANY, *et al.*,<br><br>Defendants. | CASE NO. C22-1373-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Public Service Insurance Company's ("PSIC") motions to (1) further extend the case deadlines and expand the number of depositions (Dkt. No. 241) and (2) file overlength summary judgment motions on an extended briefing schedule (Dkt. No. 245).

As to the first motion (Dkt. No. 241), PSIC seeks to extend the discovery cut-off by another 45 days, reset other case deadlines beyond this date, and expand the number of permitted depositions by five. (*See generally id.*). This extension would, undoubtedly, delay trial. (*See* Dkt. No. 219.) And, as Plaintiff's briefing makes clear, it would be highly prejudicial. (*See* Dkt. No. 246 at 11–13.) Therefore, in light of the relevant factors, *see Rollins v. Traylor Bros. Inc.*, 2017 WL 2215778, slip op. at 1 (W.D. Wash. 2017), the Court cannot find good cause for PSIC's

request.[1] Nor is PSIC's request for additional depositions yet ripe. As the Court recently explained, such a request "is premature before a party has exhausted the 10 [depositions] permitted under Rule 30(a)(2)." *Rittmann, et al., v. Amazon.com, Inc., et al.*, 2024 WL 5007295, slip op. at 1 (W.D. Wash. 2024).[2] Nevertheless, based on PSIC's ex parte submission, the Court concludes that one of its principal witnesses, Michael Dubyk, may not be available to testify at trial. In light of this development, the Court affords PSIC one additional deposition over and above the ten permitted by Rule 30(a)(2) without leave of the Court. This deposition must solely be for purposes of perpetuating Mr. Dubyk's testimony, should he be unavailable at trial. Given the extenuating circumstances associated with Mr. Dubyk's condition, the Court extends the discovery deadline, solely for purposes of this deposition, to February 28, 2025. Separately, given the scheduling conflicts described in the parties' submissions regarding depositions noticed to date, the Court extends the discovery deadline, solely with respect to depositions permitted without leave of the Court, to January 17, 2025. The changes to deadlines above have no import on the dispositive motion deadline, which remains January 6, 2025.

As to the second motion (Dkt. No. 245), PSIC asks for leave to file up to five contemporaneous summary judgment motions and/or a single overlength omnibus brief of up to 21,000 words. (*Id.* at 1–2.) It also asks to extend the briefing dates beyond that provided by the local rules. (*Id.* at 3.) Given the complexity of the unresolved legal issues here, the Court finds good cause to partially grant this request. Accordingly, each party may file a single omnibus summary judgment motion up to 12,600 words.[3] Contemporaneous summary judgment motions

---

[1] In reaching this conclusion, the Court is mindful of the fact that it previously extended the case schedule at PSIC's request and any harm that may come without a further extension is, to a large extent, PSIC's own doing, given its decision to change counsel as the discovery cut-off approached. (*See generally* Dkt. No. 219.)

[2] As of the date of PSIC's motion, it had taken two of its allotted depositions. (*See* Dkt. No. 241 at 9 n.9.)

[3] PSIC has not established good cause for the 21,000 words it seeks. On its face, this appears excessive.

will not be permitted. All issues which a party seeks summary judgment must be included in its omnibus motion. The page limits for respective opposition briefs shall be 12,600 words and reply briefs 6,300 words. The LCR 7(d)(4) briefing schedule for these motions remains in force. However, to the extent the parties would like to combine response/reply briefs with cross-motions *and can agree on a schedule and word count* to do so, they may so stipulate (and may deviate from the LCR 7(d)(4) schedule). *See* LCR 7(k).

      For the foregoing reasons, PSIC's motions (Dkt. Nos. 241, 245) are GRANTED in part and DENIED in part, as described above. It is so ORDERED this 23rd day of December 2024.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE