


Case 2:22-cv-01373-JCC    Document 286    Filed 02/10/25    Page 1 of 3

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIXTY-01 ASSOCIATION OF APARTMENT OWNERS,<br><br>                     Plaintiff,<br><br>    v.<br><br>PUBLIC SERVICE INSURANCE COMPANY, *et al.*,<br><br>                     Defendants. | CASE NO. C22-1373-JCC<br><br>ORDER |

       This matter comes before the Court on Plaintiff's current motion to compel (Dkt. No. 252). Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

       Plaintiff, when it originally so moved, sought an order compelling Defendant Public Service Insurance Company ("PSIC") to produce certain expert files, claims-handling documents, and claims-related communications. (*See* Dkt. No. 252 at 2–5). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

       However, following supplemental production, Plaintiff seeks a subset of what it

originally moved for. (*See* Dkt. No. 266 at 1–6.)

First, as to the expert files, Plaintiff now asks the Court to compel production solely of presentation materials by PSIC expert GailAnn Stargardter (as referenced in her curriculum vitae) regarding Washington bad faith insurance litigation. (*See* Dkt. No. 266 at 6.) This request is not well taken. The subpoena *deuces tecum*, upon which Plaintiff bases its request, sought "[d]ocuments and [c]ommunications *related* to your work on [this case]." (Dkt. No. 253-2 at 25) (emphasis added). The presentations Plaintiff now seeks are not related to the case. Therefore, they are not responsive and not subject to production.

Second, as to the claims-handling documents, Plaintiff now asks for (1) PSIC's written claim manual applicable to this case and (2) case related e-mails and documents involving PSIC President Jeffrey Fratantaro.[1] (*See* Dkt. No. 266 at 3–5.) But PSIC has provided the Court with evidence that (1) no such manual exists and that (2) all responsive non-privileged communications and documents involving Mr. Fratantaro have been produced. (*See* Dkt. No. 278 at 1–2.) Plaintiff's current speculation otherwise is not sufficient to support its request. *See United States v. Mincoff*, 574 F.3d 1186, 1200 (9th Cir. 2009) ("[M]ere speculation about materials in the [opponent's] files [does] not require the district court to make those materials available.")

For the foregoing reasons, Plaintiff's motion to compel is DENIED.

//
//
//
//

---

[1] To the extent Plaintiff seeks to now compel the production of similar materials involving *other* PSIC personnel, (*see* Dkt. No. 266 at 5), no such request was included in its motion, (Dkt. No. 252 at 3–5). It is untimely to do so on reply. *See, e.g.*, *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("arguments raised for the first time in petitioner's reply brief are deemed waived"); *United Specialty Ins. Co. v. Shot Shakers, Inc.*, 2019 WL 199645, slip op. at 1 (W.D. Wash. 2019) (same).

DATED this 10th day of February 2025.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C22-1373-JCC
PAGE - 3